COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Malveaux and Callins

EUGENIA MARIE LUCAS

                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1100-21-4             JUDGE DOMINIQUE A. CALLINS
                                          JULY 26, 2022

RONALD ANTHONY LILLEY AND
 PATRICIA KNIGHT LILLEY

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Grace Burke Carroll, Judge

(John B. Jacob, Jr., on brief), for appellant. Appellant submitting
on brief.

(Ronald A. Lilley; Patricia K. Lilley, on brief), *pro se*. Appellees
submitting on brief.

Eugenia Marie Lucas (mother) appeals a final order of adoption. Mother contends that the

standard in Code § 63.2-1205 unconstitutionally fails to require proof of harm to the child in the

parent's continuing relationship with him and only requires that adoption serve his best interests.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Mother's assignment of error, in full, states,

> [t]he Trial Court erred due to its application of Section 63.2-1205
> of the Virginia Code to permanently sever Appellant, Ms. Eugenia
> Lucas's relationship with her child which violated her due process
> rights under Fourteenth Amendment to the United States
> Constitution by depriving her of her fundamental right as a parent.
> The Standard set forth in Section 63.2-1205 fails to require proof
> of harm to the child in Mother's (Appellant) continuing
> relationship with him, but only that adoption serve his best
> interests.

In *Copeland v. Todd*, 282 Va. 183, 199 (2011), our Supreme Court authoritatively decided that

Code § 63.2-1205 is not unconstitutional and does not violate a parent's due process rights.[2]

BACKGROUND[3]

"When reviewing a circuit court's decision on appeal, we view the evidence in the light

most favorable to the party who prevailed below . . . and grant them the benefit of any reasonable

inferences." *Lively v. Smith*, 72 Va. App. 429, 432 (2020).

The child who is the subject of this appeal came into the custody of Patricia Knight Lilley

and Ronald Anthony Lilley (collectively grandparents), the child's maternal grandmother and

step-grandfather, in or around July 2015. At that time, he was about two years old. Later that same

year, grandmother was awarded sole custody.[4] The child remained living with the grandparents for

the next six years, through the time of the final hearing.

Mother struggled with addiction and housing instability for several years. She failed to

maintain custody of three other biological children.[5] She had no contact with the child between July

2015 and "the second half of 2017" because she was incarcerated for drug-related offenses. Upon

her release and until about May 2020, grandparents cooperated with mother to facilitate regular

visitation with the child, including overnight visits. Overnight visits ended only after mother took

---

[2] This case was decided without oral argument because the parties elected to waive oral argument under Rules 5A:20(h) and 5A:21(h).

[3] The record in this case was sealed. "To the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

[4] The record reflects that mother began the proceedings which ultimately led to the award of sole custody to grandmother. However, mother denied filing the petition for custody, even after being shown a copy of the petition with her signature.

[5] One child is older than the subject child; the other two children are younger than the subject child. Of the three, two of mother's other biological children were adopted by relatives.

the child out of town without grandparents' permission. In the fourteen months before the final hearing, mother visited with the child about once a month for a few hours each visit.

At trial, the evidence demonstrated that the child had "some issues with anxiety" that intensified following his interactions with mother and "stabilize[d]" in the company of his grandparents—particularly his grandmother. Several witnesses, including a child psychology expert, the child's school principal, and several family members, testified about the child's physical and emotional needs.

Mother testified that she lived with her partner near Farmville, about three hours from the child's residence with grandparents. She admitted prior illegal drug use but denied currently using. Mother also testified that she had recently started therapy. She was not seeking child custody at the time of the hearing, stating it would be "selfish" of her "to rip him out of a home" considering his anxiety. She did, however, envision a custody transition period of "about a year," which also would give her more time to obtain a "bigger home."

The circuit court found that mother was withholding her consent to the adoption contrary to the best interests of the child and granted grandparents' petition for adoption. In reaching its decision, the circuit court considered each of the statutory factors under Code § 63.2-1205. It found that despite the "loving relationship" between mother and the eight-year-old child, their relationship had been "marked by long periods" of mother's absence from the child's life, with mother having "periodically abandoned the child since he was, approximately, 18 months old." The circuit court found that grandparents, who had had custody for six years, met the "emotional, physical, psychological, and spiritual needs" of the child, who "struggle[d] with ADD, anxiety disorder, and abandonment anxiety."

The circuit court acknowledged mother's admission that "she knew that it was against [the child's] best interest to seek custody at this time" because it would "be too disruptive for him and

his anxiety." The circuit court also accepted the expert's opinion that "it would be detrimental to [the child's] health to be separated from [grandparents]." Considering that mother was unemployed, a felon, and "in heroin recovery," the circuit court found that she was not "capable financially or emotionally" to care for the child. The circuit court determined that grandparents had not thwarted mother's efforts to assert her parental rights.

Having considered all the evidence and made its factual findings, the circuit court entered the final order of adoption. This appeal followed.

ANALYSIS

Mother argues that the circuit court violated her due process rights by applying an unconstitutional statute, Code § 63.2-1205. She contends that Code § 63.2-1205 unconstitutionally focuses solely on the child's best interests and fails to require "proof of harm to the child in [the mother's] continuing relationship with him." She asserts that Code § 63.2-1205 "ignores the fundamental right of the parent."

"'[T]he interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by' the United States Supreme Court." *Geouge v. Traylor*, 68 Va. App. 343, 368 (2017) (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion)); *see also Berry v. Barnes*, 72 Va. App. 281, 288 (2020). "We consistently have held that to grant a petition for adoption over a birth parent's objection, there must be more than a mere finding that the adoption would promote the child's best interests." *Copeland*, 282 Va. at 197 (citing *Malpass v. Morgan*, 213 Va. 393, 398-99 (1972)); *see also Geouge*, 68 Va. App. at 368-69. Our Supreme Court has held that the statutory framework established in Code §§ 63.2-1203 and 63.2-1205 fully vindicates a parent's due process rights because the statutory requirements "encompass far more than mere consideration of the child's best interests as defined in cases involving a contest between natural parents." *Geouge*, 68 Va. App. at 370 (quoting *Copeland*,

- 4 -

282 Va. at 200). The Virginia statutory scheme for adoption provides "for consideration of parental fitness and detriment to the child" and thus "compel[s] a court to consider whether a parent's unfitness would be harmful to the child's welfare."[6] *Copeland*, 282 Va. at 199. Because the Supreme Court previously held that Code § 63.2-1205 does not violate a parent's due process rights, we need not address the same fundamental question here. The statute is not unconstitutional.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's ruling.

*Affirmed.*

---

[6] Although appellant does not contest the circuit court's application of Code § 63.2-1205 to these facts, we note that the court found "[a]lthough Mother testified she could care for the child, there has not been a showing in any way by Ms. Lucas that she could indeed care for this child," found that her relationship with the child "has been marked by long periods of absence" due to drug addiction, and found that after six years of exclusive custody, it would be "detrimental" to the child to be separated from his grandparents. The court did more than just consider the child's best interests; it carefully evaluated the statutory factors. Therefore, mother's due process rights were not violated.